# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40834
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRISTIAN MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-46-16

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Cristian Mendoza pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to manufacture and distribute 500 grams or more of methamphetamine and was sentenced 420 months of imprisonment, followed by five years of supervised release. He appeals, asserting that his guilty plea was not knowing and voluntary because he pleaded guilty to an offense for which he was certain to receive a guidelines range of life

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40834

imprisonment despite the magistrate judge advising him that his guidelines range would not be determined until the PSR was prepared. Mendoza therefore contends that he was not aware of the consequences of his guilty plea and that had he known that he faced a guidelines range of life imprisonment he would not have pleaded guilty.

Because Mendoza did not raise this issue in the district court, we review for plain error only. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). The record of Mendoza's rearraignment reflects that he acknowledged that he understood the consequences of his plea – including the maximum sentence that could be imposed and the operation of the Sentencing Guidelines – and that he was pleading voluntarily, that no one had threatened him or forced him to plead guilty, and that no one had made any promises other than what was provided in the plea agreement. Mendoza's "solemn declarations in open court . . . carry a strong presumption of verity." *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (internal quotation marks, brackets, and citations omitted). Contrary to Mendoza's assertion, he did not plead guilty to an offense for which he was certain to receive a guidelines range of life imprisonment. To the extent Mendoza argues that the plea agreement lacked consideration, the record reflects that he did, indeed, receive consideration for his plea. Mendoza has not shown any error, plain or otherwise, with respect to the validity of his plea.

Mendoza also asserts that his trial counsel was ineffective for failing to object to the denial of an acceptance of responsibility reduction. Mendoza did not raise this claim in the district court, and we conclude that this is not one of the "rare cases" in which the record is sufficiently developed to allow consideration of an ineffective assistance of counsel claim on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation

marks and citation omitted).   Thus, we decline to consider Mendoza's ineffective assistance claim without prejudice to his right to seek collateral review.  *See id.*

AFFIRMED.